FILED
2020 Aug-21  PM 05:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| Joshua King, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Creditors Bureau Associates, a Georgia corporation, | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Joshua King, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Joshua King ("King"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect defaulted consumer debts that he allegedly owed for medical services to Dekalb Ambulance Service.

4. Defendant, Creditors Bureau Associates ("CBA"), is a Georgia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. CBA operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant CBA was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Although Defendant CBA is not authorized to conduct business in the State of Alabama, it does in fact conduct business in Alabama.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including debts he allegedly owed for medical services to Dekalb Ambulance Service. Defendant CBA attempted to collect these debts from him via negative credit reports. Unsure about the debts and unsure about CBA, Mr. King consulted with counsel about his debt issues and the debts that CBA was trying to collect.

7. Accordingly, Mr. King's attorney wrote to Defendant CBA, via letters dated May 20, 2020 and May 22, 2020, to dispute the debts that CBA was trying to collect. Copies of these letters are attached as Group Exhibit A.

8. On July 22, 2020, Mr. King obtained and reviewed a copy of his TransUnion credit report, which showed that Defendant CBA had continued to report the debts he allegedly owed for the Dekalb Ambulance Service accounts, but had failed to note that the debts were disputed. The pertinent part of Mr. King's TransUnion credit report is attached as Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to

report, the debts on Plaintiff's credit report impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that they were disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debts. Defendant's collection actions alarmed, confused and distressed Mr. King and impacted his credit score.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

3

14. Defendant, by continuing to report the debts to the credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debts to the credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Joshua King, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff King, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joshua King, demands trial by jury.

> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys
>
> By: /s/ Bradford W. Botes_____
> One of Plaintiff's Attorneys

Dated: August 21, 2020

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com